UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. SCHEMA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et. al.,<br><br>　　　　　Defendants. | No. 2:14-cv-0630 MCE CKD PS<br><br><br>**MEMORANDUM AND ORDER** |

　　　　On March 7, 2014, Plaintiff John D. Schema filed the instant action against numerous Defendants seeking injunctive and declaratory relief to quiet title.  Compl., ECF No. 1.  Specifically, Plaintiff alleges claims arising out of the alleged impairment by Forest Service personnel of an easement to which Plaintiff claims a right.  See generally id.  Plaintiff seeks compensation in the amount of $500,000 for alleged wrongful interference with Plaintiff's property right.  See id. at 31.  Plaintiff also seeks a judgment "quieting plaintiffs' title" and a declaration that "defendants have no right, title or interest superseding plaintiffs' title to the easement . . . ."  Id.  The parties agree that the Court lacks jurisdiction over Plaintiff's inverse condemnation claim, but dispute whether Plaintiff's Complaint also alleged a claim under the Quiet Title Act, and if so, whether that claim is barred by the statute of limitations.  On May 27, 2014, Defendants filed a Motion to Dismiss (ECF No. 9).  Plaintiff opposed Defendants' Motion.  ECF Nos. 18, 24.

1

The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).[1] On July 30, 2014, the Magistrate Judge filed Findings and Recommendations herein (ECF No. 23) which were served on the parties and which notified the parties that any objections to the findings and recommendations were to be filed within fourteen days. In the Findings and Recommendations, the Magistrate Judge recommended granting Defendants' Motion to Dismiss on the grounds that the Court lacks jurisdiction over Plaintiff's inverse condemnation claim. See ECF No. 23. Plaintiff filed timely Objections to the Findings and Recommendations. See ECF No. 24. The Defendants filed a Response. See ECF No. 26. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. For the following reasons, Defendants' Motion (ECF No. 9) is granted in part and denied in part. As set forth below, the Findings and Recommendation (ECF No. 23) is adopted to the extent it addresses Plaintiff's inverse condemnation claim and rejected to extent it does not address Plaintiff's quiet title claim.

## ANALYSIS

**A. Takings Claim**

Pursuant to the Tucker Act, the United States Court of Federal Claims has exclusive jurisdiction of any claim based solely on the Constitution and which exceeds

---

[1] Plaintiff filed this action in propria persona. See ECF No. 1. Plaintiff remained without counsel until the filing of Objections to the Findings and Recommendation which were filed jointly by "Plaintiff pro per" and by an attorney who represents Plaintiff in an ongoing criminal matter. See ECF No. 24 at 1, 15. As discussed below, Plaintiff and his appointed counsel "in the criminal matter [request] that [the] court appoint civil counsel to represent [Plaintiff] in the civil matter." Id. at 15. Based on this representation, it appears that Plaintiff's criminal counsel does not intend to represent Plaintiff in this matter on an ongoing basis. Therefore, at this time, the referral of this matter to the assigned Magistrate Judge remains in effect pursuant to Local Rule 302(c)(21) pending a determination of whether Plaintiff already has (or should be appointed) civil counsel. Nonetheless, to the extent that Plaintiff's appointed criminal counsel has already appeared in this civil action, the Court cautions him that he may be subject to Local Rule 182(d) regarding withdrawal if he does not intend to continue to represent Plaintiff in this matter going forward. See E.D. Cal. Local R. 182(a)(2) (explaining that "[a]ppearance as an attorney of record is made [among other methods] . . . by signing and filing an initial document" or "by causing the attorney's name to be listed in the upper left hand corner of the first page of the initial document").

$10,000.  See 28 U.S.C. §§ 1346, 1491.  Here, Plaintiff seeks an award of $500,000.  Therefore, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's inverse condemnation claim be dismissed without prejudice for lack of jurisdiction.  Plaintiff also agrees with this finding.  See Opp'n, ECF No. 18 at 2.

**B. Quiet Title Claim**

In his Objections, however, Plaintiff argues that his Complaint also asserted a Quiet Title Act ("QTA") claim which was not addressed in the Findings and Recommendation and over which this Court maintains jurisdiction.  See ECF No. 24.  Defendants contend that "the fact that the Findings and Recommendations do not separately address the Quiet Title Act [is] immaterial" because the gravamen of Plaintiff's Complaint was for inverse condemnation.  ECF No. 26.  Defendants further argue that while it is unclear whether Plaintiff pled a separate QTA claim, that even if he did, any such claim should be dismissed as barred by the applicable statute of limitations based on Plaintiff's own Complaint.  The Court first turns to whether Plaintiff alleged a QTA claim.

"Generally, a takings claim brought under § 1346(a)(2) is an inverse condemnation suit, and it is filed by the landowner after the government enters into physical possession of his property without the authority of a court order."  LaFargue v. United States, 4 F. Supp. 2d 580, 586 (E.D. La. 1998); see San Diego Gas & Elec. Co. v. City of San Diego, 450 U.S. 621, 638 n.2 (1981).  "There is a clear distinction between a claim brought under the QTA and one based upon the Tucker Act: a takings claim under the Tucker Act concedes the government's ownership and seeks to obtain just compensation for the landowner, while a quiet title claim under the QTA disputes ownership and provides the landowner with a declaration of title and recovery of the land."  LaFargue, 4 F. Supp. 2d at 586.  To determine whether the Court has jurisdiction over a claim under the QTA or under the Tucker Act, it "must examine the nature of the rights plaintiffs assert in their complaint to determine which statute the plaintiffs' case falls under."  Id. (emphasis added); see United States v. Mottaz, 476 U.S. 834, 850-51

1  (1986) (examining jurisdictional grounds of case involving disputed title and reaffirming
2  that "the plaintiff is absolute master of what jurisdiction he will appeal to," and that
3  "[j]urisdiction generally depends upon the case made and relief demanded by the
4  plaintiff") (internal citation omitted).

5  As to whether Plaintiff pled a QTA claim, Defendants argue that merely "labeling
6  something a Quiet Title Act claim does not make it so" and that because the gravamen
7  of Plaintiff's claim is for inverse condemnation, Plaintiff's sole remedy is an inverse
8  condemnation action in the Court of Federal Claims.  ECF No. 26.  Although inartfully
9  pled, it appears Plaintiff seeks to vindicate his rights and seeks corresponding relief
10 under both the Tucker Act and the QTA.  Compare ECF No. 1 at 31 (requesting a
11 "[j]udgment providing just compensation and punitive damages for said wrongful taking"
12 and "pray[ing] for an amount of $500,000") with id. (seeking a "[j]udgment quieting
13 plaintiffs' title to the easement, and [declaring that] defendants have no right, title or
14 interest superseding plaintiffs' title to the easement"); see also ECF No. 1 at 3 ("Plaintiff
15 respectfully appears before this court in order to seek redress for the Forest Service's
16 unlawful acts and omissions, and [to] quiet Plaintiff's title to subject land.") (emphasis
17 added).  Moreover, Defendants have not cited any authority for the proposition that a
18 Plaintiff may not simultaneously pursue both Tucker Act and Quiet Title Act claims in this
19 instance at this stage in the proceeding.  Cf. United States v. Mottaz, 476 U.S. 834, 848
20 (1986) (expressing "no opinion on the question whether . . . an appeal in a case raising
21 both Tucker Act and Quiet Title Act claims would have to be bifurcated and sent in part
22 to the regional circuit and in part to the Federal Circuit"); Bourgeois v. U. S., 545 F.2d
23 727, 732-35 (Ct. Cl. 1976).²

---

² There does not appear to be a clear answer to this question.  While "[i]t is now well-established that the [United States Court of Federal Claims] has jurisdiction to make independent factual determinations of a claimant's specific property interest as a matter of course in adjudicating takings claims," Dwen v. United States, 62 Fed. Cl. 76, 81 (Fed. Cl. 2004), any awarded "equitable relief must be incidental to and collateral to a claim for money damages." Bobula v. United States Dep't of Justice, 970 F.2d 854, 859 (Fed. Cir. 1992).  On the record before it, the Court cannot conclude that the equitable relief sought by Plaintiff through his QTA claim is merely "incidental to and collateral to" his inverse condemnation claim.  Thus, at this time the Court rejects without prejudice Defendants' request that it dismiss Plaintiff's QTA claim for lack of jurisdiction on the basis that it must be alleged before the Court of

Therefore, the Court finds that, although inartfully pled, Plaintiff's Complaint contains causes of action under the Tucker Act and under the QTA.[3]

According to Defendants' Motion to Dismiss, however, even if this Court finds Plaintiff adequately set forth a QTA cause of action, any such claim as set forth in the Complaint is nonetheless barred by the statute of limitations. Mot., ECF No. 9-1 at 3. "A district court may dismiss a claim if the running of the statute is apparent on the face of the complaint. However, a district court may do so only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (citing Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) (noting that if "the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss")).[4]

A quiet title action is "barred unless . . . commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date

---

Federal Claims as a claim incidental to and collateral to his inverse condemnation claim. See ECF No. 26 at 2-4; cf. Oak Forest, Inc. v. United States, 23 Cl. Ct. 90, 98 (1991) (explaining that the district court would determine the present title to the subject land while the claims court would hear the Tucker Act claim and also noting that because "Congress has clearly stated its instructions that the remedy of a declaration of present title as against the United States should be litigated in the district court," the claims court would suspend the action before it until the district court issued its rulings in the quiet title action). Defendants, of course, may raise this point again upon further development of the record. Cf. Chittenden v. United States, 2013 WL 6199195, *1 (E.D. Cal. Nov. 27, 2013) (dismissing plaintiffs' tort claims because the "gravamen" of the complaint was for inverse condemnation in a case that did not raise a QTA claim) (citing Myers v. United States, 323 F.2d 580, 583 (9th Cir.1963)). Similarly, the Court also rejects without prejudice Defendants contention that Plaintiff's QTA claim is barred by 28 U.S.C. § 2409a(a) "because the Act's waiver of sovereign immunity does not apply to a claim that was or could have been brought under 28 U.S.C. § 1491(a)" because the Court finds that Plaintiff seeks remedies under the Tucker Act and the QTA making it unclear whether both of Plaintiff's claims could have been brought under 28 U.S.C. § 1491(a) and because Defendants first raised this issue in their Response to Plaintiff's Objections. See ECF No. 26 at 3.

[3] This conclusion is further supported by the fact that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted).

[4] As to whether the statute of limitations was tolled, the Court notes that "[t]he Supreme Court has . . . held that Congress intended the QTA's limitations period to serve interests of finality, and therefore it may not be tolled." Kingman Reef Atoll Investments, L.L.C. v. United States, 541 F.3d 1189, 1196 (9th Cir. 2008). In any event, Plaintiff did not argue that the relevant limitation was tolled. See ECF Nos. 18, 24.

5

the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g).  Courts "treat the statute of limitations in the QTA as jurisdictional." Fid. Exploration & Prod. Co. v. United States, 506 F.3d 1182, 1186 (9th Cir. 2007).  Courts "must strictly construe the Quiet Title Act's statute of limitations in favor of the government." Shultz v. Dep't of Army, U.S., 886 F.2d 1157, 1159 (9th Cir. 1989).  The Ninth Circuit "has rejected explicitly [the] contention that the cause of action accrues and the statute of limitations begins to run only when the United States acts in a manner openly hostile and adverse to a landowner's interest. . . . The statute of limitations is not triggered, however, when the United States' claim is ambiguous or vague." Id. at 1160 (internal citation omitted).  "The statutory term 'should have known' imparts a test of reasonableness." Id.  Because the statute of limitations is an affirmative defense, the burden is on Defendants to show that the applicable time period has passed.

Here, Defendants contend that "[Plaintiff's] Complaint alleges that the Forest Service made his easement impassable more than 12 years before filing this lawsuit in August of 2013." ECF No. 26 at 4; see also ECF No. 9-1 at 4.  In support of this argument, Defendants point to several passages in Plaintiff's Complaint.  For instance, Defendants aver that "[t]he Complaint also alleges that the 'old recorded easement' had been 'washed out' since 2000, meaning that it was totally impassable." Mot., ECF No. 9-1 at 4 (citing ECF No. 1 at 21).  However, an examination of the Complaint reveals that Plaintiff's reference to an "old recorded easement" that had been "washed out" since 2000 appears to be a reference to an easement over a neighbor's land rather than the easement claimed by Plaintiff. See ECF No. 1 at 21, ¶ 106 (referring to Lacey McFarland's land east of Plaintiff's land and noting that "an old recorded easement that passes her land has been washed out since date of purchase") (emphasis added).  Thus, it is unclear whether Plaintiff's easement was also washed out at that time.[5]

---

[5] The Court notes that the claimed easement over Plaintiff's land may have also been become impassable in or before 2000 for the same reasons, but Defendants' have not met their burden on this point.  Defendants may, of course, raise the issue of whether the statute of limitations bars Plaintiff's claim

Defendants also argue that "Plaintiff alleges, for example, that a map from the 1960s refers to, but no longer shows, the unused former road." Mot., ECF No. 9-1 at 4. With respect to this contention, Plaintiff's Complaint alleges that the map "contains [the] subject properties; and [the] documented right-of-way, or the easement. Albeit not shown in its' [sic] 'precise' location." ECF No. 1 at 20, ¶ 103. However, this statement does not establish that the United States' claim was unambiguous or that Plaintiff (or, if applicable, his predecessor in interest) knew or should have known of the adverse actions of the United States at that time – particularly where "[t]he statutory term 'should have known' imparts a test of reasonableness." Shultz, 886 F.2d at 1159. Thus, the Court cannot conclude that the statute of limitations bars this claim on the basis of Plaintiff's Complaint alone as argued by Defendants.[6]

### C. Related Case [7]

Finally, the Court is in receipt of Plaintiff's Notice of Related Cases (ECF No. 25) in which he seeks to have the same Magistrate Judge preside over his criminal matter and the instant civil action. In the criminal case, Plaintiff stands charged with three counts by way of a superseding information filed September 27, 2013. See United States v. John D. Schema, 2:13-mj-00087-DAD. Count One of the superseding information charges Plaintiff with damaging timber, trees, or other forest products on National Forest Service Land in violation of 36 C.F.R. § 261.6(a). Count Two charges Plaintiff with constructing, placing, or maintaining a road of National Forest Service Lands in violation of 36 C.F.R. § 261.10(a). Count Three charges Plaintiff with Damaging a Natural Feature or Other Property of the United States in violation of 36 C.F.R. § 261.9(a). According to Plaintiff, "paramount to the civil case and the defense

---

at a later point in this proceeding.

[6] In his Objections, Plaintiff also requests the appointment of civil counsel and that leave be granted to allow the filing of an amended complaint. The Court declines to address these requests as they are not properly before the Court. These requests must be made in a noticed motion on the calendar of the assigned Magistrate Judge. See E.D. Cal. Local R. 230(a), (k); see also Fed. R. Civ. P. 15.

[7] These facts are taken from Plaintiff's Notice of Related Case, ECF No. 25, unless otherwise noted.

of the criminal case is the existence of what has been known as a R.S.- 2477 easement for the benefit of [Plaintiff] across USFS land."

An examination of the two actions, <u>John D. Schema v. United States Department of Agriculture, et al.</u> (2:14-cv-0630-MCE-CKD-PS) and <u>United States v. John D. Schema</u> (2:13-mj-00087-DAD) reveals that these actions are related within the meaning of Local Rule 123(a) (E.D. Cal. 1997). The actions involve some of the same parties and involve some of the same or related claims, defenses, and property, as well as similar questions of fact and would therefore entail a substantial duplication of labor if heard by different magistrate judges. Accordingly, the assignment of the matters to the same magistrate judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties. The parties should be aware that relating the cases under Local Rule 123 merely has the result that both actions are assigned to the same judge; no consolidation of the action is effected. Under the regular practice of this court, related cases are generally assigned to the magistrate judge to whom the first filed action was assigned, which is the criminal matter in this instance. Therefore, the instant civil action will be assigned to Magistrate Judge Dale A. Drozd for all further proceedings.

## CONCLUSION

Therefore, having carefully reviewed the entire case file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis with respect to Plaintiff's inverse condemnation claim. However, as set forth above, the Court finds that Plaintiff's Quiet Title Act claim is not barred by the applicable statute of limitations on the basis of Plaintiff's Complaint alone. Finally, the Court finds that the assignment of the matters to the same magistrate judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties. Accordingly,

1. The Findings and Recommendations filed July 30, 2014 (ECF No. 23) are ADOPTED as to Plaintiff's inverse condemnation claim only;

2. Plaintiff's inverse condemnation claim is DISMISSED without prejudice to filing before the United States Court of Federal Claims;

3. Defendants' Motion to Dismiss (ECF No. 9) is GRANTED as to Plaintiff's inverse condemnation claim and DENIED without prejudice as to Plaintiff's Quiet Title Act claim;

4. As set forth above, it is ORDERED that the action denominated <u>John D. Schema v. United States Department of Agriculture, et al.</u>, 2:14-cv-0630-MCE-CKD-PS, is REASSIGNED to Judge Morrison C. England, Jr. and Magistrate Judge Dale A. Drozd for all further proceedings, and any dates currently set in this reassigned case only are hereby VACATED.  Henceforth, the caption on documents filed in the reassigned case shall be shown as, 2:14-cv-0630-MCE-DAD-PS.  However, this order SHALL NOT AFFECT the related action, <u>United States v. John D. Schema</u>, 2:13-mj-00087-DAD, which SHALL REMAIN assigned only to Magistrate Judge Dale A. Drozd.  <u>See</u> E.D. Cal. Local R. 302(b);

5. It is further ORDERED that the Clerk of the Court make appropriate adjustment in the assignment of cases to compensate for this reassignment of this civil matter to a different Magistrate Judge; and

6. Pursuant to Local Rule 302(c)(21) and this Order, this matter is REFERRED to Magistrate Judge Dale A. Drozd for further proceedings.

IT IS SO ORDERED.

Dated:  September 3, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

9