UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. SCHEMA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>    Defendants. | No. 2:14-cv-00630-MCE-DAD<br><br>**ORDER** |

    On March 7, 2014, Plaintiff John D. Schema ("Plaintiff") filed the instant action in propria persona against numerous Defendants seeking injunctive and declaratory relief to quiet title. Compl., ECF No. 1. Plaintiff alleges claims arising out of the alleged impairment, by United States Forest Service personnel, of an easement to which Plaintiff claims a right. See generally id. Thereafter, Plaintiff's appointed counsel in a related criminal matter, Robert Wilson of Kimball & Wilson LLP ("Wilson"), appeared in this action on Plaintiff's behalf to oppose the Magistrate Judge's Findings and Recommendations. Now pending before the Court is Wilson's unopposed Motion to Withdraw as Attorney for Plaintiff ("Motion"). ECF No. 35. For the following reasons, the Motion is GRANTED and the October 30, 2014 hearing is VACATED.

///

**BACKGROUND**

On May 27, 2014, Defendants moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. ECF No. 9. Pursuant to Local Rule 302(c)(21), the Magistrate Judge issued Findings and Recommendations on July 30, 2014. ECF No. 23. Although Plaintiff filed this action in propria persona, his objections to the Findings and Recommendations were filed jointly by "Plaintiff pro per" and by Wilson. See ECF No. 24. In its Order adopting in part the Findings and Recommendations, the Court noted that, despite that filing, it "appear[ed] that [Wilson did] not intend to represent Plaintiff in this matter on an ongoing basis." ECF No. 31 at 2 n. 1. However, the Court cautioned Wilson that "to the extent that [he had] already appeared in this civil action, . . . he may be subject to Local Rule 182(d) regarding withdrawal if he does not intend to continue to represent Plaintiff in this matter going forward." Id.; see E.D. Cal. Local R. 182(a)(2) (explaining that "[a]ppearance as an attorney of record is made [among other methods] . . . by signing and filing an initial document" or "by causing the attorney's name to be listed in the upper left hand corner of the first page of the initial document").

On September 17, 2014, Wilson again appeared on Plaintiff's behalf through the submission of a stipulation and proposed order. ECF No. 32. Thereafter, the Court issued a Minute Order requiring that Wilson "file either (1) a properly noticed motion to withdraw that conforms with the local rules, the Federal Rules of Civil Procedure, and the Rules of Professional Conduct of the State Bar of California; or (2) a statement indicating that he now represents Plaintiff and that the referral to the assigned Magistrate Judge may therefore be rescinded." ECF No. 33. Wilson filed the instant Motion on October 1, 2014. Defendants filed a Statement of Non-Opposition. ECF No. 38.

///
///
///

## STANDARD

In this district, "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." E.D. Cal. Local R. 182(d).  In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California." Id.  The Local Rules only contemplate limited appearances for the purposes of contesting an application for a temporary restraining order or other preliminary injunctive relief.  E.D. Cal. Local R. 182(e).  Among the grounds for permissive withdrawal, the Rules of Professional Conduct in California permit withdrawal where "[t]he client knowingly and freely assents to termination of the employment." California Rules of Professional Conduct Rule 3-700(C)(5).  Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit."  E.D. Cal. Local Rule 182(d); Canandaigua Wine Co., Inc. v. Edwin Moldauer, 2009 WL 89141, *1  (E.D. Cal. Jan. 14, 2009).

## ANALYSIS

In his Motion, Wilson explains that he intervened in this case through the filing of objections to the Findings and Recommendations "[b]ecause of the potential adverse impact of the civil case on the [related, ongoing] criminal case."  ECF No. 35-2 at 3. "Without the resources to hire an attorney and no attorney willing to represent [Plaintiff] pro bono, and faced with the potential adverse impact of a dismissal of the civil case impacting the defense of the criminal matter, . . . [c]onsistent with the spirit of Local Rule 182(e), [Wilson] appeared for the [limited] purposes of challenging a potential dismissal

///
///

order and simultaneously seeking the appointment of civil Gideon counsel." ECF No. 35-1 at 3-4.[1]

Now, Wilson seeks to withdraw as Plaintiff's attorney of record pursuant to California Rules of Professional Conduct Rule 3-700(C)(5) on the grounds that Plaintiff has consented to his withdrawal. In his declaration, Wilson explains that Plaintiff "has been provided [with] a copy of the motion and declaration" and that Plaintiff "has consented, both verbally and in writing, to [Wilson's] withdrawal" as his attorney of record in this civil matter. ECF No. 35-2 at 4. Wilson's Withdrawal Motion is unopposed. ECF No. 38. Under the circumstances, Wilson's withdrawal from this matter after a limited appearance to oppose the Findings and Recommendations will be permitted.[2] Plaintiff is advised to scrupulously review and follow the Court's Local Rules and the Federal Rules of Civil Procedure.

## CONCLUSION

As set forth above, having considered all papers submitted to the Court, including Wilson's Motion and accompanying Declaration, pursuant to Local Rule 182(d) and the California Rules of Professional Conduct, the Court finds that good cause exists for Wilson's withdrawal.

1. Wilson's Motion to Withdraw as Attorney (ECF No. 35) is GRANTED;
2. The October 30, 2014, motion hearing is VACATED;
3. Robert M. Wilson of Kimball & Wilson LLP is RELIEVED as counsel for Plaintiff John D. Schema in this matter only and Plaintiff John D. Schema is SUBSTITUTED in pro per; and

---

[1] As the Court explained in its September 4, 2014, Order, Plaintiff's request for the appointment of civil counsel was denied without prejudice on procedural grounds as it was not properly before the Court. ECF No. 31 at 7 n.6. Plaintiff may renew his request for the appointment of civil counsel before the assigned Magistrate Judge.

[2] This order shall have no effect on Wilson's representation of John D. Schema in the related criminal matter, United States v. John D. Schema, 2:13-mj-00087-DAD.

4. The Clerk of the Court shall SERVE a copy of this Order on Plaintiff John D. Schema at General Delivery, North San Juan, California 95960; and

5. Pursuant to Local Rule 302(c)(21), the referral of this matter to Magistrate Judge Dale A. Drozd for further proceedings SHALL REMAIN in effect.

IT IS SO ORDERED.

Dated:   October 15, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT