1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN D. SCHEMA,                          No.  2:14-cv-0630 MCE DAD PS

12              Plaintiff,

13        v.                                  ORDER AND
                                             FINDINGS AND RECOMMENDATIONS
14   UNITED STATES DEPARTMENT OF
     AGRICULTURE, et al.,
15
                Defendants.
16

17

18        Plaintiff John Schema is proceeding pro se and, therefore, this matter was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

20        The matter came before the court on November 14, 2014, for hearing of defendants'

21   motion to dismiss for lack of subject matter jurisdiction.  Attorney Gregory Broderick appeared

22   on behalf of the defendants.  There was no appearance by plaintiff.

23        Thereafter, this matter came before the court on January 9, 2015, for the hearing of

24   plaintiff's motion to appoint counsel.  Attorney Gregory Broderick appeared on behalf of the

25   defendants at that time and plaintiff appeared on his own behalf.

26         For the reasons set forth below, plaintiff's motion for the appointment of counsel will be

27   denied and the undersigned will recommend that defendants' motion to dismiss be granted.

28   /////

                                               1

BACKGROUND

Plaintiff commenced this action on March 7, 2014, by filing a complaint and a motion to proceed in forma pauperis. (Dkt. Nos. 1 & 2.) On March 14, 2014, the court granted plaintiff's motion to proceed in forma pauperis and ordered service of plaintiff's complaint. (Dkt. No. 3.) On May 27, 2014, defendants the United States; the United States Forest Service; Tom Tidwell, Chief, United States Forest Service; Randy Moore, Regional Forester for the Pacific Southwest Region; Tom Quinn, Forest Supervisor, Tahoe National Forest; Jean M. Masquelier, former District Rangers of the Yuba River Ranger District; Genice Froehlich; and Dave Brown, filed a motion to dismiss. (Dkt. No. 9.) On July 30, 2014, the previously assigned Magistrate Judge issued findings and recommendations recommending that this action be dismissed due to lack of subject matter jurisdiction. (Dkt. No. 23.)

On September 4, 2014, the assigned District Judge adopted those findings and recommendations as to plaintiff's inverse condemnation claim and dismissed that claim without prejudice to a filing by plaintiff before the United States Court of Federal Claims. (Dkt. No. 31 at 8-9.) However, the assigned District Judge also found that "although inartfully pled," plaintiff's complaint also set forth a claim for violation of the Quiet Title Act, ("QTA"), which was not addressed by the July 30, 2014 findings and recommendations. (Id. at 5.) The assigned District Judge also found at that time that this action was related within the meaning of Local Rule 123(a) to a criminal action pending before the court, United States v. John D. Schema, 2:13-mj-0087-DAD. (Id. at 7.) Accordingly, the assigned District Judge reassigned this civil action from the previously assigned Magistrate Judge to the undersigned. (Id. at 9.)

On October 16, 2014, defendants filed a motion to dismiss plaintiff's QTA claim. (Dkt. No. 40.) On November 6, 2014, plaintiff filed a motion seeking the appointment of counsel. (Dkt. No. 43.) On November 7, 2014, defendants filed a reply in support of their motion to dismiss. (Dkt. No. 44.) On November 25, 2014, plaintiff filed an untimely response to defendants' motion to dismiss. (Dkt. No. 46.) Defendants then filed a reply to plaintiff's untimely response on November 16, 2014. (Dkt. No. 47.) Plaintiff filed a surreply to defendants' reply on December 5, 2014. (Dkt. No. 48.) Defendants filed yet a further response to plaintiff's

1  surreply on December 15, 2014.  (Dkt. No. 49.)  On December 23, 2014, defendants filed an

2  opposition to plaintiff's motion for the appointment of counsel.  (Dkt. No. 54.)  Finally, on

3  January 8, 2015, plaintiff filed a document styled as his "continued opposition to defendant's

4  motion to dismiss."[1]  (Dkt. No. 54.)

5  <center>ANALYSIS</center>

6  I.     <u>Motion to Appointment Counsel</u>

7          The Sixth Amendment guarantees a defendant the right to have counsel present at all

8  "critical" stages of a criminal proceeding.  U.S. CONST. AMEND. VI; <u>Gideon v. Wainwright</u>, 372

9  U.S. 335, 342 (1963).  "But the Sixth Amendment does not govern civil cases."  <u>Turner v.</u>

10 <u>Rogers</u>, --- U.S. ---, ---, 131 S. Ct. 2507, 2516 (2011).

11 > However, a court may under "exceptional circumstances" appoint
12 > counsel for indigent civil litigants pursuant to 28 U.S.C. §
   > 1915(e)(1).  When determining whether exceptional circumstances
13 > exist, a court must consider the likelihood of success on the merits
   > as well as the ability of the petitioner to articulate his claims pro se
14 > in light of the complexity of the legal issues involved.  Neither of
   > these considerations is dispositive and instead must be viewed
15 > together.

16 <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (citations and quotations omitted).  <u>See</u> <u>also</u>

17 <u>Cano v. Taylor</u>, 739 F.3d 1214, 1218 (9th Cir. 2014) ("district court must determine whether a)

18 there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims

19 in light of the complexity of the legal issues involved.  None of these factors is dispositive; rather

20 they must be considered cumulatively.").

21          Here, for the reasons explained below, the undersigned finds that it is unlikely that

22 plaintiff will succeed on the merits of this civil action because this court lacks subject matter

23 jurisdiction over plaintiff's only remaining claim.  The undersigned also finds that the legal issues

24 involved in this civil action are not overly complex and that, having reviewed plaintiff's filings

25

26 [1]  A surreply is not authorized by the Federal Rules of Civil Procedure or the Local Rules of this
   court.  <u>See</u> Local Rule 230 (authorizing only a motion, an opposition or statement of
27 nonopposition, and a reply).  Moreover, many of the briefs filed by plaintiff have been filed in an
   untimely manner.  Nonetheless, in light of plaintiff's pro se status, the undersigned has considered
28 all of the arguments advanced in plaintiff's various filings.

<center>3</center>

1    and listened to his arguments, it is clear that plaintiff is able to adequately articulate his claims

2    and the arguments in support thereof pro se.

3           Accordingly, plaintiff's motion for the appointment of counsel will be denied.

4    II.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

5           Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

6    motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

7    claims alleged in the action.[2]  "A motion to dismiss for lack of subject matter jurisdiction may

8    either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

9    existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

10   594 F.2d 730, 733 (9th Cir. 1979).

11          When a party brings a facial attack to subject matter jurisdiction, that party contends that

12   the allegations of jurisdiction contained in the complaint are insufficient on their face to

13   demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

14   (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

15   similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

16   23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

17   1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

18   only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.

19   Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.

20   Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review

21   evidence beyond the complaint without converting the motion to dismiss into a motion for

22   summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

23          When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no

24   presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d

25   at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any

26   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

27

28   [2]  A federal court also "ha[s] an independent obligation to address sua sponte whether [it] has
     subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).

1  jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

2  12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden

3  of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

4      Here, plaintiff's complaint seeks to "quiet Plaintiff's title to subject land" and names as

5  defendants the United States Forest Service and several individuals in their official or individual

6  capacities.  (Compl. (Dkt. No. 1) at 3.[3])  "The Quiet Title Act, 28 U.S.C. § 2409a ('QTA'),

7  provides the exclusive means by which an adverse claimant may challenge the United States' title

8  to real property . . . ." McKown v. United States, 908 F.Supp.2d 1122, 1145 (E.D. Cal. 2012)

9  (citing Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 286 (1983)).

10  However, it is well-established that the United States is the only proper defendant subject to a

11  QTA claim.  See 28 U.S.C. § 2409a ("The United States may be named as a party defendant in a

12  civil action under this section to adjudicate a disputed title to real property in which the United

13  States claims an interest, other than a security interest or water rights."); Wright v. Gregg, 685

14  F.2d 340, 341 (9th Cir. 1982) ("Section 2409a is a waiver of sovereign immunity in suits against

15  the United States to adjudicate a disputed title to real property in which the United States claims

16  an interest."); Petroff v. Schafer, No. CV08-1971-PHX-NVW, 2009 WL 891024, at *2 (D. Ariz.

17  Apr. 1, 2009) ("The Forest Service Defendants contend that the Petroffs have failed to name the

18  proper parties.  They are correct.  The proper Defendant in this case is the United States rather

19  than the Forest Service Defendants."); Delany v. U.S. Forest Service, No. CV-06-2265-PHX-

20  SMM, 2007 WL 4219436, at *2 (D. Ariz. Nov. 28, 2007) ("Although the Complaint names the

21  United States Forest Service as a defendant, the United States is the only proper defendant under

22  the Quiet Title Act. 28 U.S.C. § 2409a(a).").

23      Moreover, "[t]o bring an action under the QTA, Plaintiff must assert that he has a personal

24  title or interest in the subject right-of-way, not just that the right-of-way is a public road and

25  therefore contending that, as a member of the public, he has a right to use the route." McKown,

26  908 F. Supp.2d at 1145 (citations and alterations omitted).  See also Long v. Area Manager,

27

28  [3] Page number citations such as this one are to the page numbers reflected on the court's
CM/ECF system and not to page numbers assigned by the parties.

5

1   Bureau of Reclamation, 236 F.3d 910, 915 (8th Cir. 2001) ("Even if we were to find that Mr.

2   Long's quiet title action is not barred by the statute of limitations, moreover, it would fail because

3   he does not claim a property interest to which title may be quieted.  What Mr. Long seeks in this

4   case is an undifferentiated right to use what was once a public road."); Friends of Panamint

5   Valley v. Kempthorne, 499 F.Supp.2d 1165, 1177 (E.D. Cal. 2007) ("Plaintiffs' claim that they

6   have a right 'as members of the public, to use and maintain' Surprise Canyon Road are not

7   cognizable under the Quiet Title Act and Federal Defendants' motion to dismiss the first claim for

8   lack of jurisdiction is GRANTED"); Fairhurst Family Ass'n, LLC v. U.S. Forest Service, Dept. of

9   Agriculture, 172 F.Supp.2d 1328, 1332 (D. Colo. 2001) ("Even if an R.S. 2477 right-of-way was

10  somehow distinguishable from the public road it contains, Plaintiff would still lack the requisite

11  interest to quiet title to the right-of-way.  Plaintiff admits, as it must, that an R.S. 2477 right-of-

12  way is, by definition, open to all members of the public who wish to use it.  As such, under

13  Kinscherff, the real property interest in this easement vests in the public generally and not in

14  individual members of the public.").

15      Here, plaintiff's complaint does not allege that he has a personal title or interest in the

16  easement he claims but instead that the easement is generally open to the public.  Specifically, in

17  his complaint plaintiff alleges that the easement "is historic in nature," dating "back to circa

18  1850," and "continued to remain open to the public at the time [the] Forest Service 'inherited'

19  their subject land in 1981 . . . ."  (Compl. (Dkt. No. 1) at 2.)  Plaintiff also alleges that he has a

20  right to cross that easement because of Revised Statute 2477, ("R.S. 2477")[4], which "granted to

21  counties and states a right-of-way across federal land when a highway was built."[5]  (Id. at 11.)

22      Thus, in his complaint plaintiff alleges that the denial of access to the easement injures not

23  only plaintiff but his neighbor and the community, (id. at 3), that he "is the legal owner of the

24  private nonfederal land, together with, the public easement appurtenant," (id. at 4), and that the

---

25  [4]  In his "Continued Opposition to Defendant's Motion to Dismiss," plaintiff reiterates that

26  "[p]laintiff herein is claiming his lawful right and title to, and scope of, the easement, created by
    by (sic) R.S. 2477 . . . ."  (Dkt. No. 54 at 3.)

27
    [5]  The complaint alleges that the easement plaintiff claims begins "at a point on State Highway

28  Route 49, south of Plaintiff's land . . . ."  (Compl. (Dkt. No. 1) at 6.)

1    defendants "are the managers and administrators of real property belonging to the People of the

2    United States of American within the National Forest System boundaries . . . which includes the

3    real property subject to the easement herein . . . ."  (Id. at 5.)

4           For the reasons stated above, the undersigned finds that the court lacks subject matter

5    jurisdiction over plaintiff's QTA claim and that defendants' motion to dismiss should be granted.

6    See McKown, 908 F.Supp.2d at 1145 ("To bring an action under the QTA, Plaintiff must assert

7    that he has a personal title or interest in the subject right-of-way, not just that the right-of-way is a

8    public road"); Public Lands for the People, Inc. v. U.S. Dept. of Agriculture, 733 F.Supp.2d 1172,

9    1193 (E.D. Cal. 2010) (citations omitted) ("Insofar as plaintiffs' . . . claims assert that the Forest

10   Service's authority to require notices of intent or plans of operation is substantively limited by the

11   existence of disputed R.S. 2477 rights, those claims are barred by sovereign immunity."); Friends

12   of Panamint Valley, 499 F.Supp.2d at 1175 ("Courts which have addressed whether a plaintiff, as

13   a member of the public, can assert a title under the Quiet Title Act for access to routes established

14   pursuant to R.S. 2477 have ruled that there is no subject matter jurisdiction.").[6]

15   /////

16   _____

17   [6]  In an unpublished Ninth Circuit opinion, the court stated in dicta that "an abutting landowner's
     easement over a public road . . . . is a sufficient interest in property to assert a claim against the

18   United States under the Quiet Title Act," but nonetheless affirmed the District Court's dismissal
     of plaintiff's QTA claim because Mariposa County, which owned the disputed roads, had been

19   joined as a plaintiff below, had its claim of ownership of the roads dismissed with prejudice and
     did not appeal that dismissal.  Hazel Green Ranch, LLC v. U.S. Department of the Interior, 490

20   Fed. Appx. 880, 881 (9th Cir. 2012).  In that case, the majority therefore concluded that plaintiff
     Mariposa County had "forfeited whatever interest it had in the disputed roads . . . ."  (Id.)  In the

21   concurring opinion, Circuit Justice Mary Murgia disagreed with the majority's assertion that the
     plaintiff's property right was sufficient to bring a QTA claim stating, consistent with the cases

22   cited above, that the plaintiff's QTA claim as an abutting landowner with an easement over a public
     road was "not fundamentally different from public access rights which have been deemed

23   insufficient to assert a claim under the Quiet Title Act."  (Id. at 883.)  In any event, even the dicta
     of the majority opinion in Hazel Green Ranch, LLC is of no help to plaintiff here.  In this case,

24   there is no county plaintiff asserting ownership of the disputed property.  See generally Long, 236
     F.3d at 915 (the proper plaintiff for a QTA claim "is the governmental entity that owns the

25   easement"); Public Lands for the People, 733 F.Supp.2d at 1193 ("suit seeking to assert an R.S.
     2477 right must be brought by the governmental entity that owns the easement"); Staley v. United

26   States, 168 F. Supp.2d 1209, 1214 (D. Colo. 2001) ("Unless Plaintiffs can convince the County of
     Boulder to join as a co-plaintiff in this action, the Court lacks jurisdiction to hear" plaintiffs' QTA

27   claim).

28

                                                    7

FURTHER LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim over which this court would have subject matter jurisdiction.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  In light of the nature of the complaint's allegations and the clear lack of subject matter jurisdiction, the undersigned finds that granting leave to amend would be futile.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 6, 2014 motion to appoint counsel (Dkt. No. 43) is denied.

It is also HEREBY RECOMMENDED that:

1.  Defendant's October 16, 2014 motion to dismiss (Dkt. No. 40) be granted;

2.  Plaintiff's complaint be dismissed for lack of subject matter jurisdiction; and

3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 26, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\rector1019.mtd.f&rs.docx